IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD AMBROSE and LEANN AMBROSE, his wife | : | CASE NO.: |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiffs, | : | |
| | : | Daniel S. Schiffman, Esq. |
| v. | : | Schiffman Firm, LLC |
| | : | 1300 Fifth Avenue |
| HUNTER'S MANUFACTURING COMPANY, INC. | : | Pittsburgh, PA 15219 |
| d/b/a TENPOINT CROSSBOW TECHNOLOGIES | : | Phone:  412/288-9444 |
| and d/b/a WICKED RIDGE CROSSBOWS, | : | dan@schiffmanfirm.com |
| | : | Pa I.D.# 309825 |
| Defendant. | | |

## **COMPLAINT**

AND NOW, come Plaintiffs, Richard Ambrose and LeAnn Ambrose, his wife, by and through their counsel Schiffman Firm, LLC and Daniel S. Schiffman, Esq., and hereby file the within Complaint and in support thereof avers the following:

1. Plaintiff Richard Ambrose is an adult individual and a citizen of the Commonwealth of Pennsylvania and County of Butler residing at 325 Woodland Road, Evans City, Pennsylvania 16033.

2. Plaintiff LeAnn Ambrose is an adult individual and a citizen of the Commonwealth of Pennsylvania and County of Butler and is the wife of Plaintiff Richard Ambrose and resides with him as such at 325 Woodland Road, Evans City, Pennsylvania 16033.

3. Defendant Hunter's Manufacturing Company, Inc. is a corporate entity and citizen of the state of Ohio with its principal place of business located at 1325 Waterloo Road Mogadore, Ohio 44260-9608 which at all times relevant hereto traded and did business as "TenPoint Crossbow Technologies" and "Wicked Ridge Crossbows" and traded and did business in the Commonwealth of Pennsylvania and County of Washington.

1

4. This Court is granted jurisdiction in this action pursuant to 28 U.S.C. §1332 because (a) the case involves citizens of different states; and (b) the amount in controversy is in excess of Seventy-five Thousand Dollars ($75,000.00).

5. On or about October of 2014, Defendant learned that a dangerous defect permitted or could cause the safety on its crossbows to fail after being re-engaged.

6. On or about December 22, 2014, Plaintiff Richard Ambrose purchased a Wicked Ridge Invader HP TenPoint crossbow with serial number K007577 (hereinafter referred to as the subject "product" or "crossbow") designed, manufactured, advertised, and/or sold by Defendant.

7. On or about May 18, 2015, Defendant issued a recall of approximately 127,000 units due to the dangerous defect that is the subject of this litigation. The recall summary reads in part:

> **Name of product**:
> TenPoint and Wicked Ridge crossbows
>
> **Hazard**:
> After the safety has been re-engaged, the crossbows can fire under certain circumstances if a consumer pulls the trigger, posing an injury hazard.
>
> **Remedy**:
> Repair
>
> **Recall date**:
> May 18, 2015
>
> **Recall number**:
> 15-136

8. On or about November 4, 2017, Plaintiff was hunting using the subject crossbow and prepared to fire the crossbow, including the action of disengaging the safety. However, Plaintiff did not fire the crossbow.

17-1020

9. Plaintiff, who was unaware of the product's defect and recall, then re-engaged the safety and lowered the crossbow to his lap with his right hand resting on the pistol grip and trigger.

10. Despite having its safety engaged, the crossbow unexpectedly misfired, which allowed the bowstring to fly forward and cause Plaintiff to sustain serious injuries and damages.

## COUNT I
### Richard Ambrose v. Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies and d/b/a Wicked Ridge Crossbows
### (STRICT LIABILITY)

11. Plaintiff hereby incorporates by reference paragraphs 1 through 10 of this Complaint as though the same were more fully set forth at length herein.

12. At all times relevant to this action, Defendant was engaged in the business of designing, manufacturing, selling and/or supplying crossbows and was a seller as defined by the relevant portions of the Restatements (Second) of Torts.

13. The crossbow was expected to and did reach the Plaintiff and was used by him without substantial change in the condition in which it was manufactured for sale.

14. The Defendant breached the duties owed to the Plaintiffs as mandated by selling the crossbow in a defective condition.

15. The crossbow was defective in that it could and did malfunction and/or fail under normal use.

16. The crossbow was defective because it did not meet the reasonable expectations of an ordinary consumer.

17. The crossbow was defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

18. The crossbow was defective because after its safety was engaged, it could and did fire.

19. The crossbow was further defective in that it failed to be properly labeled and/or have proper warnings and failed to have proper guards to protect a user's hand.

20. As the direct, legal and proximate result of the breach of the mandates of strict product liability law, the Plaintiff has sustained the following injuries and damages:

    a. Open displaced fracture of distal phalanx fracture of left thumb:

    b. Necessity of medical treatment including hospitalization, open reduction internal fixation of left thumb distal phalanx; left thumb nail bed repair; left thumb wound closure and other treatment;

    c. Extensive post-surgical treatment and therapy;

    d. Pain and suffering;

    e. Disfigurement;

    f. Economic losses including loss of wages;

    g. Incurring of medical bills and/or liens; and,

    h. Inability to enjoy the ordinary pleasures of life and perform normal daily activities including employment.

WHEREFORE, Plaintiff Richard Ambrose hereby demands judgment in his favor and against Defendant for an amount in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## COUNT II
**Richard Ambrose v. Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies and d/b/a Wicked Ridge Crossbows**
**(NEGLIGENT, RECKLESS, WILLFUL AND WANTON CONDUCT)**

21. Plaintiff hereby incorporates by reference the averments contained in paragraph 1 through 20 of this Complaint as though the same were more fully set forth at length herein.

17-1020

22. Defendant acted negligently, recklessly, willfully and wantonly, outrageously, and/or acted in reckless disregard for the safety of Plaintiff and others similarly situated in the following particulars:

   a. In designing and/or manufacturing and/or selling crossbows that were capable of firing when the product's safety was engaged;

   b. In failing to promptly act when the dangers of the crossbows became known, or in the exercise of reasonable diligence, should have become known, to assure that the crossbow was not sold in the defective condition

   c. In failing to adequately warn of the dangers of its crossbows;

   d. In failing to provide all accouterments and features necessary to render the crossbow safe for use;

   e. In failing to assure that the crossbows were appropriate for intended uses;

   f. In failing to warn of all known dangers to retailers and other sellers when it knew that its crossbows were defective and posed a danger to the public;

   g. In failing to warn of all foreseeable dangers and/or dangers which would have been discovered through a reasonable investigation;

   h. In failing to assure that the crossbow it manufactured and/or sold and/or advertised utilized a proper design;

   i. In failing to promptly and/or adequately recall the crossbow;

   j. In failing to properly advise users and potential users of the recall of the crossbow once the same had been instituted;

   k. In failing to properly warn users and potential users of the dangerous and defective natures of the crossbow once it became aware of the dangerous and defective nature of its product;

   l. In disregarding the safety of persons such as Plaintiff by manufacturing and/or selling the defective crossbows knowing that consumers would be injured due to the defects in the product; and,

   m. In continuing to sell the crossbows when Defendant knew that they and other similarly designed, and/or manufactured products had caused serious injuries to consumers in a manner substantially similar to that set forth in this Complaint.

17-1020

    n.   In continuing to sell and place crossbows such as the one that injured Plaintiff into the stream of commerce when it knew that its conduct would cause users to sustain injuries in the same manner as did the Plaintiff;

    o.   In ignoring the dangerous nature of its products, which was well known to it, and failing to issue adequate warnings and/or properly advertise the recall of these defective products.

    p.   In continuing to sell the crossbows with faulty design, manufacture, warnings, instructions, and/or representations which were known to Defendant to be unreasonably dangerous, inadequate, defective, and/or flawed;

23.    As the direct, legal and proximate result of the negligent conduct and/or reckless conduct and/or willful and wanton conduct and/or outrageous conduct, and/or conduct in reckless disregard for the safety of Plaintiff and others similarly situated as aforesaid, this Plaintiff has sustained the injuries and damages previously set forth.

24.    As the direct, legal and proximate result of the willful and wanton conduct and/or outrageous conduct, and/or conduct in reckless disregard for the safety of Plaintiff and others similarly situated as aforesaid, Defendant is liable to Plaintiff for punitive damages.

WHEREFORE, Plaintiff Richard Ambrose hereby demands judgment in his favor and against Defendant for an amount in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## COUNT III
### LeAnn Ambrose v. Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies and d/b/a Wicked Ridge Crossbows

25.    Plaintiff hereby incorporates by reference paragraphs 1 through 24 of this Complaint as though the same were more fully set forth at length herein.

26.    As the direct, legal, and proximate result of the breach of the mandates of §402A of Restatement (Second) Torts by this Defendant and negligent conduct and/or reckless conduct

6

17-1020

and/or willful and wanton conduct and/or outrageous conduct, and/or conduct in reckless disregard for the safety of Plaintiff and others similarly situated as aforesaid, as aforesaid, Plaintiff LeAnn Ambrose was deprived of the services, society, assistance, and consortium of her husband, Plaintiff Richard Ambrose.

27. As the direct, legal and proximate result of the willful and wanton conduct and/or outrageous conduct, and/or conduct in reckless disregard for the safety of Plaintiff and others similarly situated as aforesaid, Defendant is liable to this Plaintiff for punitive damages.

WHEREFORE, Plaintiff LeAnn Ambrose hereby demands judgment in her favor and against Defendant for an amount in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of interest and costs.

RESPECTFULLY SUBMITTED:

SCHIFFMAN FIRM, LLC

/s/ Daniel S. Schiffman, Esq.
Daniel S. Schiffman, Esq.
Attorney for Plaintiffs

17-1020